**In the Matter of the Possession of ROCKY MOUNTAIN STATE BANK by the COMMISSIONER OF FINANCIAL INSTITUTIONS.**

**Appeal of FIRE INSURANCE EXCHANGE.**

**No. 880345.**

Supreme Court of Utah.

Nov. 1, 1990.

Philip R. Fishler, Stephen J. Trayner, Salt Lake City, for appellant.

Peter W. Billings, Sr., Michele Mitchell, Salt Lake City, for FDIC and Rocky Mountain.

Frank A. Roybal, Bountiful, for Fire Ins. Exchange.

HOWE, Associate Chief Justice:

Fire Insurance Exchange (FIE) appeals from and seeks reversal of two trial court orders. One order denied FIE's motion to lift the stay of an appeal which FIE had taken to this court from a summary judgment in favor of Rocky Mountain State Bank and against FIE. This judgment was rendered on FIE's cross-claim against the bank in an action entitled *Crookston v. Fire Insurance Exchange and Rocky Mountain State Bank*, Third Judicial District Court, C83–1030. The other order upheld the denial by the bank's receiver of a claim by FIE for contribution from Rocky Mountain State Bank to a jury verdict rendered against FIE in the aforesaid *Crookston* action.

This controversy arises out of the collapse of an earth-covered home in North Salt Lake City, Utah, in December 1981 which was owned by S. Larry and Randi L. Crookston. The Crookstons brought suit against the bank which had made a mortgage loan on the property and also against FIE which had written a policy of hazard insurance on the home. FIE and Rocky Mountain State Bank filed cross-claims against each other for contribution as joint tort-feasors. On the day before trial, the Crookstons settled with the bank. The trial court, on motion for summary judgment by the bank, then dismissed the bank as a party defendant over protests of FIE that it needed additional time to respond to the motion and that the bank should remain a party inasmuch as FIE had cross-claimed against it for contribution to any verdict which might be recovered by the Crookstons. The basis for the ruling was that as a matter of law, there could be no contribution because both defendants, if found liable, would be intentional tort-feasors. FIE has brought two appeals to this court arising out of the *Crookston* case: (1) from the summary judgment dismissing the bank as a party defendant prior to trial (No. 870252), and (2) from a judgment rendered against FIE on a jury verdict for $4.8 million (No. 880034).

■ On August 28, 1987, the Commissioner of Financial Institutions of Utah petitioned the trial court in the instant action for an order authorizing the commissioner to take immediate possession of the bank on the ground that it was insolvent. The petition was granted, and Federal Deposit Insurance Corporation (FDIC) was appointed as receiver. An order was entered staying all judicial proceedings against the bank. However, FIE had earlier filed an appeal from the summary judgment dismissing the bank from the *Crookston* case (No. 870252). When counsel for FIE learned of the stay, FIE moved to have the stay lifted insofar as it affected appeal No. 870252. The motion was denied. FIE also filed a claim with FDIC for contribution by Rocky Mountain State Bank toward the $4.8 million judgment. The claim was denied.

FIE first contends that the trial court erred in refusing to lift the stay insofar as it affects appeal No. 870252. Under Utah Code Ann. § 7–2–7(1), a stay entered pursuant to the Financial Institutions Act may be lifted "upon application and after notice and hearing ... for cause shown." FIE argues that at least two critical issues are presented in appeal No. 870252 which must be answered and thus that appeal should go forward: (1) Did the trial court err in granting summary judgment without affording FIE additional time to respond to the motion for summary judgment? (2) Did the trial court err in finding that FIE had no right or claim of contribution against the bank?

We agree that FIE has a right to have these issues decided. However, both issues are presented for determination as well in appeal No. 880034, which is presently pending in this court. That appeal has not been stayed. Since the decision of this court in the latter appeal will dispose of the aforesaid two issues, there clearly was no prejudicial error in the refusal of the trial court to lift the stay in case No. 870252.

■ Second, FIE contends that the trial court erred in upholding the denial of its claim for contribution which was submitted to the bank's receiver. We find no error. At the time the claim was presented and denied, the law of the case in the *Crook-*

*ston* action was that there was no right of contribution. This ruling was made by the trial judge when he granted summary judgment in favor of the bank and dismissed it from the *Crookston* action. While an appeal had been taken from that ruling, the appeal had not yet been heard. Therefore, the trial court's ruling remained undisturbed, and the receiver did not err in relying on it at that time as a basis for denying FIE's claim for contribution.

Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.